IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC., ) | 1:09cv0290 LJO DLB |
| ) | |
| ) | FINDINGS AND |
| ) | RECOMMENDATION |
| ) | REGARDING PLAINTIFF'S |
| Plaintiff, ) | APPLICATION FOR |
| ) | FOR DEFAULT JUDGMENT |
| vs. ) | |
| ) | (Document 11) |
| ARTURO HADDOCK, et.al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

On June 2, 2009, Plaintiff Joe Hand Productions, Inc. ("Plaintiff"), filed the present motion for default judgment against Defendants Arturo J. Haddock and Diane L. Haddock, individually and dba Blitz ("Defendants"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on July 10, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas P. Riley, Jr., appeared on behalf of Plaintiff. Defendants did not appear.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on February 17, 2009, against Defendants, alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq. The allegations are based on Defendants' alleged unlawful interception, receiving, and exhibiting of "Ultimate Championship 77: "Hostile

1

Territory": Rich Franklin v. Anderson Silva" ("Program"), which was telecast on October 20, 2007. According to the complaint, Plaintiff was the exclusive commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks $110,000 in statutory damages as well as attorneys' fees and costs. The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. Plaintiff requests $60,000 in statutory damages, as well as attorneys' fees and costs. The Third Cause of Action for conversion alleges that Defendants tortiously obtained possession of the Program and wrongfully converted it for their own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress. Plaintiff seeks compensatory damages, attorneys' fees and costs. The Fourth Cause of Action alleges a violation of Cal. Bus. & Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory and injunctive relief.

On March 18, 2009, Plaintiff filed a proof of service indicating that Defendants were served by substituted service on March 4, 2009.

On April 8, 2009, pursuant to Plaintiff's request, the Court entered default against both Defendants.

Plaintiff filed the instant motion on June 2, 2009.

Defendants did not oppose the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2)  By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of

2

damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

### DISCUSSION

Pursuant to the proof of service filed with the Court on March 18, 2009, Defendants were served on March 4, 2009.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Thomas P. Riley, ¶ 3.

The Clerk entered default on April 8, 2009.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553. Given the size of the establishment at issue, its location in a relatively urban city[1] and the fact that the Program was shown on five televisions, the Court finds that the violations likely had more than a minimal impact. Accordingly, the Court finds that $25,000 for each federal statutory violation is an appropriate remedy. This amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

---

[1] Blitz is located in Visalia, California, which has a population of over 100,000 people.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount of $50,000.00 be fixed as follows:

1)  For violation of 47 U.S.C. section 605, the sum of $25,000; and

2)  For violation of 47 U.S.C. section 553, the sum of $25,000.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   **July 14, 2009**                    /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE

4